Jones, J.
What might have been the duties and obligations of the railroad company as a common carrier, had its charter specifically declared its purpose to carry 'freight only, or whether such an authorization would be valid, it is not necessary here to determine. Its declared purpose, under its incorporation, was to build, acquire, own, lease, operate and maintain a railroad to be operated by steam or other motive power. It was thus organized under the general laws of the state, and assumed all the functions and became saddled with all the obligations of a common carrier of freight and passengers. By its charter it obtained the special powers and privileges granted railroad corporations, including the right of eminent domain. Having the undoubted power, under its charter, to perform the functions of a common carrier of passengers, it became amenable to the state’s control *6 in relation to that specific duty. Its obligations are mutual and correlative. Since the railroad company under its franchise could insist upon its right to carry passengers, the state could also insist upon the performance of that duty by the carrier within reasonable limits. By authority of law supervisory and regulatory duties over common carriers, were imposed upon the commission under the provisions creating that body. It is provided by Section 504, General Code, that “Each railroad shall furnish reasonably adequate service and facilities.”
Section 535, General Code, provides that if, upon investigation, the commission finds that any service in connection with the transportation of passengers is unreasonable or that any service is inadequate, it may fix reasonable service to be imposed and followed in the future. These and other kindred sections recognize the commission’s governmental agency and control over railroads as common carriers, and make no distinction between them as carriers of passengers or commodities.
By its incorporation, under the general laws, the corporation assumed the performance of duties for the benefit of the public generally as a common carrier. Scofield v. The L. S. & M. S. Ry. Co., 43 Ohio St., 571; State v. The Hazelton & Leetonia Ry. Co., 40 Ohio St., 504; 4 Elliott on Railroads (2 ed.), section 1392.
That it has held itself out to the public, for a period of time, as a carrier of freight only, does not impinge upon the right of the state to compel .the exercise of its franchise, if that right existed *7 at the time of the grant and was not affected by subsequent legislation.
The cases cited by plaintiffs in error are not in conflict with the right of the state regulation and control of common carriers. These cases were decided before the modern plan of commission control had been adopted by many of our commonwealths, and they go no further than to hold that the carrier’s duties are measured by the public needs and limited by the reasonable exercise of its franchise. Unless otherwise provided by law, these duties are not absolute but relative, and depend in each instance upon varying conditions, involving the public service on the one hand and reasonable regulation upon the other. These questions have .been confided by the state to the commission, which had full power to determine, upon the evidence, whether reasonably adequate service, including passenger service, had been furnished. This included also the determination of the question whether under the circumstances the railroad was able to furnish such service and whether the public needs reasonably demanded it.
The principle is stated by Mr. Justice White in the case of Atlantic Coast Line Rd. Co. v. North Carolina Corp. Commission, 206 U. S., 1: “As the duty to furnish necessary facilities is coterminous with the powers of the corporation, the obligation to discharge that duty must be considered in connection with the nature and productiveness of the corporate business as a whole, the character of the services required, and the public need for its performance.”
*8 We hold, therefore, that under the charter herein obtained at least a relative duty was imposed upon the corporation to maintain a passenger service if the evidence justified the commission in finding that the same was reasonably necessary-in order to provide adequate service to the public and did not otherwise violate a constitutional right by imposing a burden upon the company heavier than it could sustain. Inasmuch as the evidence upon which the court of appeals based its finding upon the rehearing is not before us at this time, it is obvious that we cannot consider whether the order made by that court was reasonable or other-' wise.

The judgment of the court of appeals is affirmed.

Nichols, C. J., Johnson, Donai-iue, Wanamaker and Matthias, JJ., concur.